**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1332-22

IN THE MATTER OF THE
ESTATE OF BEVERLY
ANDREWS, Deceased.

Date of Death: January 26, 2021

_____

Argued October 31, 2023 – Decided November 29, 2023

Before Judges Smith and Perez Friscia.

On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. 321733.

Kevin R. Cropsey argued the cause for appellant Nicole Carter (Milvidskiy Law Group PC, attorneys; Kevin R. Cropsey, on the briefs).

Robert E. Margulies argued the cause for respondents Cherie Andrews Brown and Roshea Younger (Schumann Hanlon Margulies LLC, attorneys; Robert E. Margulies, on the brief).

PER CURIAM

Defendant Nicole Carter[1] appeals from a November 23, 2022 order admitting a copy of decedent Beverly Andrews's May 3, 2019 will to probate and dismissing defendant's counterclaim seeking the admission of a copy of a September 10, 2015 will in which she was a named beneficiary.  Following our review of the arguments, the record, and applicable law, we affirm.

On appeal, Nicole contends the judge in her decision erred in failing to admit the proffered 2015 will to probate because:  rejecting the opinion of handwriting expert, Dennis Ryan, was an abuse of discretion; admitting the 2019 will to probate was against the weight of the evidence; and addressing "which of the [w]ills . . . was . . . forge[d]" was required.  Because we conclude the record sufficiently supports Chancery Judge Mary Costello's cogent written decision, we affirm.

## I.

On January 26, 2021, Beverly passed away.  Beverly had three siblings: Leon Andrews and Rodez Andrews, who predeceased her, and Orlando Andrews, who survived her.  Rodez had two daughters, Cherie Andrews Brown and Roshea Younger, Beverly's nieces.  After Beverly passed away, Cherie and

---

[1]  For clarity, and intending no disrespect, we refer to the parties by their first names.

A-1332-22

Roshea went to Beverly's house where Cherie located "a folder on [Beverly's] dresser" containing a copy of the 2019 will. The will named Cherie and Roshea as beneficiaries and co-executors. Orlando and Aminah Jackson were also named as beneficiaries, but both renunciated their inheritance rights.

On May 27, 2021, Cherie and Roshea filed a verified complaint seeking to probate a copy of the 2019 will and be appointed co-executors. On September 23, 2021, Nicole filed an answer and counterclaim seeking to probate a copy of the 2015 will and alleging the 2019 will "appear[ed] to be forged." The 2015 will named Natasha Carter and Nicole as beneficiaries, and Leon Peterson as the sole executor. An attorney prepared the 2015 will but did not prepare the 2019 will.

Following a one-day bench trial, on October 31, 2022, Judge Costello issued a written statement of reasons and order, granting plaintiffs' application to admit the copy of Beverly's 2019 will to probate. The judge found the credible evidence "clearly and convincingly established that Beverly . . . signed what she intended to be her Last Will and Testament" and plaintiffs had established that the "requirements of the statute [we]re satisfied and the 2019 [w]ill [wa]s . . . validly executed." Further, the judge dismissed defendant's

3

counterclaim alleging the 2019 will was forged and seeking to probate a copy of Beverly's 2015 will as the claims were "ultimately . . . without merit."

## II.

We begin with the established standard of review in an appeal from a bench trial. "The scope of [our] review of a trial court's fact-finding function is limited." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411 (1998)). We review final determinations made by the trial court "premised on the testimony of witnesses and written evidence at a bench trial, in accordance with a deferential standard." D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). "We are not to review the record from the point of view of how we would have decided the matter if we were the court of first instance." Sebring Assocs. v. Coyle, 347 N.J. Super. 414, 424 (App. Div. 2002). "We defer to the credibility determinations made by the trial court because the trial judge 'hears the case, sees and observes the witnesses, and hears them testify,' affording it 'a better perspective than a reviewing court in evaluating the veracity of a witness.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Cesare, 154 N.J. at 412). "'Only when the trial court's conclusions are so "clearly mistaken" or "wide of the mark"' should we interfere to 'ensure that there is not a denial of justice.'" Ibid. (quoting N.J. Div.

4

of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008)). We review de novo the "trial court's interpretation of the law and the legal consequences that flow from established facts." D'Agostino, 216 N.J. at 182-83 (quoting Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

A trial court has "broad discretion in determining the relevance of evidence." Verdicchio v. Ricca, 179 N.J. 1, 34 (2004). We do not overturn a trial court's evidentiary rulings "unless it can be shown that the trial court palpably abused its discretion." See ibid. (quoting Green v. N.J. Mfrs. Ins. Co., 160 N.J. 480, 492 (1999)). "It [i]s within the trial court's wide discretion to accept or reject an expert's testimony, either in whole or in part." Sipko v. Koger, Inc., 251 N.J. 162, 188 (2022). The judge, as factfinder, "must weigh and evaluate the experts' opinions, including their credibility, to fulfill the judge's responsibility in reaching a reasoned, just and factually supported conclusion." Pansini Custom Design Assocs., LLC v. City of Ocean City, 407 N.J. Super. 137, 144 (App. Div. 2009). "The court need not give the expert's opinion 'greater weight than other evidence []or more weight than it would otherwise deserve in light of common sense and experience.'" E&H Steel Corp. v. PSEG Fossil, LLC, 455 N.J. Super. 12, 29 (App. Div. 2018) (quoting Torres v. Schripps, Inc., 342 N.J. Super. 419, 430 (App. Div. 2001)). "Factual findings

premised upon evidence admitted in a bench trial 'are binding on appeal when supported by adequate, substantial, credible evidence.'" Potomac Ins. Co. of Ill by OneBeacon Ins. Co. v. Pa. Mfrs.' Ass'n Ins. Co., 215 N.J. 409, 421 (2013) (quoting Cesare, 154 N.J. at 411-12).

## III.

We first address Nicole's argument that Judge Costello abused her discretion in rejecting the handwriting expert's opinion. Judge Costello declined to accept the expert's opinion after considering the "factual basis and methodology," which consisted of using the "computer technology" program, "Photo Shop," to overlay Beverly's two will signatures in different colors to compare the signatures. In rejecting the opinion, she found the expert: only reviewed copies of the wills; had conceded the "repeated copying of any document w[ould] diminish the resolution thereof"; and "admit[ted] that he did not know how many times either of the documents he examined were copied." Judge Costello was "unpersuaded by the opinions offered by [the expert] that the 2019 [w]ill [wa]s a forgery" because she "discredited the reliance on the comparative resolution" of the signatures. As the factfinder, Judge Costello reviewed the "colorized overlay of the two signatures" and found the image, as purported by the expert, did not demonstrate a replicated "copy of the other,"

because the evidence as alleged did "not completely overlay one another." Finally, in determining that the expert's "testimony render[ed] any reliance on the resolution of the signatures untrustworthy and of no aid to the court," the judge found the expert failed to establish "the signatures 'came from a common source.'" We discern no error in the judge's decision.

We defer to Judge Costello's credibility findings which are well-reasoned and her factual determinations which are supported by the substantial credible evidence. We observe, as did the trial judge, that an expert must "'give the why and wherefore' that supports the opinion, 'rather than a mere conclusion.'" Townsend v. Pierre, 221 N.J. 36, 54 (2015) (quoting Borough of Saddle River v. 66 E. Allendale, LLC, 216 N.J. 115, 144 (2013)). The judge acted within her discretion to reject the expert's opinion.

Nor are we persuaded by Nicole's argument that admitting to probate the 2019 will was against the weight of the evidence. Judge Costello made specific factual findings supported by the record that the 2019 will was Beverly's intended testamentary document. The judge elucidated that "the unbiased, direct and credible testimony of Wanda Powell and Fonda Stewart clearly and convincingly established that Beverly . . . signed what she intended to be" her will. Judge Costello found it uncontroverted that Beverly's friends credibly

"both identified their own signatures" and "witnessed the signature of" Beverly and those of "one another." The findings that "the requirements of the statute [we]re satisfied and the 2019 [w]ill [wa]s deemed to be validly executed" are supported by the substantial credible evidence.

A will executed in accordance with N.J.S.A. 3B:3-2 shall be: "(1) in writing"; "(2) signed by the testator"; and "(3) signed by at least two individuals, each of whom signed within a reasonable time after each witnessed either the signing of the will . . . or the testator's acknowledgment of that signature or acknowledgment of the will." The Legislature enacted N.J.S.A. 3B:3-3 to address effectuating a decedent's intent when the testamentary document "was not executed in compliance with N.J.S.A. 3B:3-2." See In re Probate of Will & Codicil of Macool, 416 N.J. Super. 298, 310-12 (App. Div. 2010) (quoting N.J.S.A. 3B:3-3). Thus, N.J.S.A. 3B:3-3 provides for the ability to probate an informal will and avoid intestacy:

> Although a document or writing added upon a document was not executed in compliance with N.J.S.[A.] 3B:3-2, the document or writing is treated as if it had been executed in compliance with N.J.S.[A.] 3B:3-2 if the proponent of the document or writing establishes by clear and convincing evidence that the decedent intended the document or writing to constitute: (1) the decedent's will; (2) a partial or complete revocation of the will; (3) an addition to or an alteration of the will; or (4) a partial or complete revival

8

of his formerly revoked will or of a formerly revoked portion of the will.

[N.J.S.A. 3B:3-3.]

It is presumed that a testator was competent and of sound mind when he or she executed a will. Haynes v. First Nat'l State Bank of N.J., 87 N.J. 163, 175-76 (1981).

As observed by the judge, "[c]opies of [w]ills offered for probate in place of lost originals is a fairly common occurrence." "The fact that the document is only a copy of the original . . . is not fatal to its admissibility to probate." In re Est. of Ehrlich, 427 N.J. Super. 64, 75 (App. Div. 2012). We discern no abuse of discretion in the judge's decision declining to find the 2019 will a forgery and determining the copy of the 2019 will was consistent with the "goal" of giving "effect" to the "intention of the maker of the [w]ill." As observed by the judge, neither of the proffered wills was an original with Beverly's signature. Although both wills were witnessed, the credible testimony of Wanda and Fonda, as found by the judge, evinced that the 2019 will was Beverly's intended testamentary document. Judge Costello's finding that the clear and convincing evidence established Beverly revoked her 2015 will and validly executed the 2019 will is supported by the substantial credible evidence in the record.

To the extent not addressed, defendant's remaining arguments lack sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION